# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- |
| | (For **Revocation of Supervised Release**) |
| v. | Case Number: 10-cr-00514-JAP-02 |
| | USM Number: 36486-013 |
| OSCAR RAMIRO CONTRERAS | Brian Kendall Schowalter, Appointed |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violation 1, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
| --- | --- | --- |
| 1 | Violation of the Law (Driving Under Revocation (non-alcohol) | 02/23/12 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. . The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable and provides just punishment for the offense.

Violations 2 through 3 are dismissed with agreement by the government.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, is withheld from the court file and retained by the United States Probation Department.

May 4, 2012
Date of Imposition of Judgment

/s/ James A. Parker, Senior U.S. District Judge
Signature of Judge

James A. Parker, Senior U.S. District Judge
Name & Title of Judge

May 9, 2012
Date

DEFENDANT:  OSCAR RAMIRO CONTRERAS
CASE NUMBER:  10-cr-00514-JAP-02                                                                           Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of four (4) months.

The court recommends that the Bureau of Prisons credit the defendant for thirty-seven days (37) days time spent in custody.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  OSCAR RAMIRO CONTRERAS
CASE NUMBER:  10-cr-00514-JAP-02                                                              Judgment-Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant must serve a new term of supervised release for a period of thirty-one (31) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant must not commit another federal, state or local crime.

The defendant must not unlawfully possess a controlled substance.  The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant must not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant must not leave the judicial district without the permission of the court or probation officer.
2) The defendant must report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant must answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant must support his dependents and meet other family responsibilities.
5) The defendant must work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant must notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant must not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant must not associate with any persons engaged in criminal activity and must not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant must permit a probation officer to visit him at any time at home or elsewhere and must permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT:  OSCAR RAMIRO CONTRERAS
CASE NUMBER:  10-cr-00514-JAP-02                                                                     Judgment-Page 4 of 6

11) The defendant must notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant must not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant must provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant must participate in and successfully complete a program for testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant must pay the cost of treatment as directed by the probation officer.
2) The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
3) The defendant must reside at Hilltop House, a Residential Reentry Center (RRC), for a period of up to six months, to commence on upon release from custody, and must observe the rules of that facility.
4) The defendant must establish employment within 90 days of being released from imprisonment.
5) The defendant must abstain from the use of alcohol or other forms of intoxicants.
6) The defendant must not participate in gang activity or associate with gang members.
7) The defendant is ordered to pay the balance of the restitution outstanding.

DEFENDANT:  OSCAR RAMIRO CONTRERAS
CASE NUMBER:  10-cr-00514-JAP-02                                                           Judgment-Page 5 of 6

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| II and III | $0.00 | $0.00 | $18,568.36 |
| **TOTALS** | $0.00 | $0.00 | $18,568.36 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee must receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim Compensation Fund<br>1060 E. 2nd Avenue<br>Room 106<br>Durango, Colorado 81301 | $18,568.36 | $18,568.36 | |
| **TOTALS** | $18,568.36 | $18,568.36 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  OSCAR RAMIRO CONTRERAS
CASE NUMBER:  10-cr-00514-JAP-02                                                                 Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The defendant is ordered to pay the outstanding restitution balance.

The restitution obligation is joint and several with similar obligations to pay restitution imposed on Michael Ritchie Stubbs, Docket No. 10-cr-00514-WYD-01, $18,568.36.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant will receive credit for all payments previously made toward any monetary obligations imposed.

Payment is applied in the following order:  (1) restitution principal.